### In re the MARRIAGE OF HUBER.

Angela M. Huber (Malfavon),
Appellant–Petitioner,

v.

Michael B. Huber, Hollis Huber,
and Betty Huber, Appellees–
Respondents.

No. 22A05–9911–CV–482.

Court of Appeals of Indiana.

Feb. 22, 2000.

---

Linda Lorch, Lorch & Naville, LLC, New Albany, Indiana, Attorney for Appellant.

Dwayne E. Cooper, Cooper Legal Services, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

KIRSCH, Judge

Angela M. Huber Malfavon appeals the decision of the trial court awarding custody of her two children, E.H. and H.H., to Hollis and Betty Huber (the Hubers), the children's paternal grandparents, contending that there is insufficient evidence to support the court's decision.

We reverse.

### FACTS AND PROCEDURAL HISTORY

Malfavon and Michael Huber were married on October 6, 1991. The couple had two children. The couple originally lived near Shelbyville, Indiana, but moved to New Albany, Indiana near the Hubers after the birth of their first child.

In March 1995, Michael moved to Nevada to find better employment. Malfavon joined him a few weeks later, leaving the children in the Hubers' care. In June of

that year, the children joined their parents in Nevada. In September, Malfavon told Michael that she wanted a divorce and left the family home. Hollis flew to Nevada to pick up the children from Michael and returned them to the Huber home. A few days later, Michael also moved back to New Albany. Michael, E.H., and H.H. began living with the Hubers.

On September 15, 1995, Michael filed a petition for dissolution of his marriage to Malfavon. Two weeks later, Malfavon returned to Indiana and took the children back to Nevada. On October 4, 1995, the Hubers filed a motion to intervene in the dissolution proceedings for the purpose of seeking custody of E.H. and H.H. Two days later, the trial court entered an emergency temporary custody order granting the Hubers custody of the children. The Hubers brought the children back to Indiana.

By December 1995, Malfavon had returned to live in Indiana. She was granted weekend visitation with the children and petitioned for custody. In January 1997, the home study of Malfavon's home was completed and filed with the trial court. After several evidentiary hearings, the trial court granted custody of the children to the Hubers. Malfavon now appeals.

## DISCUSSION AND DECISION

■ Malfavon argues that the evidence is insufficient to support the trial court's conclusion that granting the Hubers custody of E.H. and H.H. is in the best interest of the children. A child custody decision falls within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. *Teegarden v. Teegarden*, 642 N.E.2d 1007, 1008 (Ind.Ct.App.1994) (citing *In re Guardianship of Riley*, 597 N.E.2d 995, 997 (Ind.Ct.App.1992)). We will not reverse a trial court's determination regarding child custody unless it is clearly erroneous and contrary to the logic and effect of the evidence. *Id.* When a

custody determination is to be made between a natural parent and a third party, the court presumes the parent has a superior right to custody and the nonparent seeking custody bears the burden of overcoming this presumption. *In re Paternity of L.K.T.*, 665 N.E.2d 910, 912 (Ind.Ct.App. 1996). Any of three conditions is sufficient to rebut the presumption that granting custody with the natural parent is in the best interest of the child. *Id.* Those three conditions are unfitness of the natural parent, long acquiescence in the child living in the care of others, or voluntary relinquishment of custody of the child to others such that the affections of the child and the third party have become so interwoven that to sever them would seriously endanger the future happiness of the child. *Id.* If any of those three conditions is proven, then the question becomes whether it is in the best interests of the child to be placed in the custody of the third party. *In re Guardianship of R.B.*, 619 N.E.2d 952, 954 (Ind.Ct.App.1993) (citing *Hendrickson v. Binkley*, 161 Ind.App. 388, 316 N.E.2d 376 (1974), *cert. denied* 423 U.S. 868, 96 S.Ct. 131, 46 L.Ed.2d 98 (1975)).

■ Here, the trial court rejected this test, stating,

"this Court is not required to follow the 'mechanical approach' as set forth above, in evaluating evidence in custody actions. The over-riding factor in this Court's consideration is the best interests of the children; there are circumstances in which a Court may prefer a non-parent over a parent 'which may not fit neatly into one of the three aforementioned categories.'"

*Record* at 221 (citing *L.K.T.*, 665 N.E.2d at 910 and *Turpen v. Turpen*, 537 N.E.2d 537 (Ind.Ct.App.1989)). In concluding that staying with the Hubers was in E.H. and H.H.'s best interest, the trial court relied on two factors: the disruption of moving from the Hubers' home and community to Malfavon's; and the fact that Malfavon works second shift, and thus would not be

able to care for the children in the afternoons and evenings. Neither of these facts is sufficient to establish any specific reason why the trial court concluded that the presumption in favor of Malfavon having custody of her children had been rebutted.

We agree with the trial court that there are perhaps circumstances outside of the three traditionally listed in case law which might support a conclusion that custody of children by a nonparent is in their best interest. We disagree, however, that a generalized finding that such an arrangement is in the best interest of the child is adequate to support such a decision. In *Hendrickson*, this court noted,

> "If the 'best interest rule' was the only standard needed without anything else, to deprive the natural parent of custody of his own child, then what is to keep the government or third parties from passing judgment with little, if any, care for the rights of natural parents. In other words, a child might be taken away from the natural parent and given to a third party simply by showing that a third party could provide the better things in life for the child and therefore the 'best interest' of the child would be satisfied by being placed with a third party."

161 Ind.App. at 396, 316 N.E.2d at 381.

We reverse the decision of the trial court maintaining custody of the children in the Hubers and remand with instructions to award custody to Malfavon or to justify continuing custody in the Hubers by appropriate finding.

Reversed and remanded.

SHARPNACK, C.J., and RILEY, J., concur.